UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT MACAMAUX, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:09-cv-00164 (JCH) |
| | : | |
| v. | : | |
| | : | |
| DAY KIMBALL HOSPITAL, | : | MARCH 18, 2010 |
| Defendant | : | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 81)**

**I.    INTRODUCTION**

Plaintiff, Robert Macamaux, brought this suit against defendant, Day Kimball Hospital, alleging six counts related to a 2006 motor vehicle accident. See Amended Complaint ("Amd. Cmplt.") (Doc. No. 74). Day Kimball moved to dismiss the action in its entirety pursuant to Connecticut General Statute § 52-190a. See Motion to Dismiss (Doc. No. 55). Specifically, Day Kimball argued that Macamaux's action should be dismissed because Macamaux failed to file a certificate of good faith and a written opinion of a similar health care provider demonstrating good faith as required by section 52-190a. On September 4, 2009, the court denied the Motion to Dismiss. See September 4, 2009 Ruling ("Ruling") (Doc. No. 77).

Day Kimball Hospital now moves the court to reconsider that Ruling. See Motion for Reconsideration ("Mot. for Recons.") (Doc. No. 81). For the reasons stated herein, that Motion for Reconsideration is granted in part, but because the issue for which the Motion is granted was not a grounds for the court's September 4, 2009 Ruling, that Ruling remains unchanged.

## II. STANDARD OF REVIEW

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

## III. DISCUSSION[1]

Day Kimball asserts several reasons why the court should reconsider its September 4, 2009 Ruling. First, Day Kimball claims that the court ignored the controlling decision of Votre v. County Obstetrics and Gynecology Group, P.C., 113 Conn. App. 569 (2009) ("Votre"), in which the Connecticut Appellate Court dismissed an action pursuant to section 52-190a because the plaintiff had not filed a certificate of

---

[1] The court assumes familiarity with the facts and procedural posture of the case. See September 4, 2009 Ruling (Doc. No. 77).

good faith as that statute requires. Second, Day Kimball argues that the court mistakenly ignored <u>Blumenkopf v. Conboy</u>, 08-cv-457, 2008 WL 4196974 (D. Conn. Sept. 8, 2008), which Day Kimball contends held that the certificate of good faith requirement of Connecticut General Statute § 52-190a is substantive law to be applied in diversity cases filed in federal court. Third, Day Kimball contends that the court overstated the Rhode Island court's findings regarding whether Macamaux filed his Complaint in "good faith." Fourth, Day Kimball contends that, even if Macamaux's failure to file a certificate of good faith along with his Complaint could be corrected at a later point, the court nonetheless should not have granted a period beyond 90-days for Macamaux to subsequently make that filing. Finally, Day Kimball asserts that the court failed to apply case law interpreting the Connecticut accidental failure of suit statute. The court will address each of these arguments in turn.

      A.    <u>Alleged Failure to Consider Votre Decision</u>

Day Kimball first asserts that, in denying Day Kimball's Motion to Dismiss, the court overlooked the Appellate Court of Connecticut's ruling in <u>Votre</u>. <u>See</u> Mot. for Recons. at 1-4. Day Kimball argues that <u>Votre</u> clearly establishes that Macamaux "may not cure the defects of failing to obtain and file a written opinion of a similar health care provider at the initiation of the suit in Rhode Island, and that such failure mandates dismissal." <u>Id.</u> at 2. In conjunction with this assertion, Day Kimball also has identified several unpublished, recent cases in which Connecticut courts have cited <u>Votre</u> in dismissing actions pursuant to section 52-190a.

Contrary to Day Kimball's claim, the court considered <u>Votre</u> (decided April 7, 2009) in its September 4, 2009 Ruling denying the Motion to Dismiss. The court did not

directly cite to Votre because two factors distinguish that case from the circumstances surrounding Macamaux's claim.  First, in Votre, "[t]he plaintiff never moved to amend the complaint to attach the statutorily required documentation and took the position at argument that no certificate or written opinion was necessary."  Votre, 113 Conn. App. at 584 (emphasis added).  In this case, however, Macamaux filed a certificate of good faith and opinion of a health care provider.  See Certificate of Good Faith (Doc. No. 66).  Second, crucial to this case is the fact that Macamaux originally brought his action in the District Court of Rhode Island, and the fact that the action was transferred to the District of Connecticut by the Rhode Island District Court.  See Ruling at 7.  In Votre, however, the plaintiff initiated her suit in this District and did not find herself in the District of Connecticut only as a result of a transfer from another jurisdiction.  See Votre, 113 Conn. App. at 571.  The Votre decision involved circumstances that were materially dissimilar from the circumstances of this case.

    Likewise, the unpublished opinions Day Kimball identified in its February 26, 2010 letter to the court -- Moore v. S. Connecticut Internal Medicine, No. CV 09-5028093S, 2009 WL 4282887 (Conn. Super. Ct. Nov. 6, 2009); Caplin v. Laser Center of Northeastern Connecticut, No. CV 09-5003976S, 2009 WL 1424712 (Conn. Super. Ct. April 27, 2009); Duran v. Alias et al., No. CV 09-5014109S (Conn . Super. Ct. February 25, 2010) -- all involve actions that were originally brought in Connecticut, and are thus dissimilar to this case.  In light of this, neither Votre nor subsequent opinions that cite to Votre constitute "controlling decisions or data that the court overlooked," and the Motion for Reconsideration is denied on this ground.  Shrader v. CSX Transp., Inc., 70 F.3d at 257.

### B. Alleged Failure to Consider Blumenkopf v. Conboy

Day Kimball next argues that the court's emphasis of the fact that Macamaux first brought this action in Rhode Island and only found himself in the District of Connecticut as a result of the Rhode Island District Court's transfer to this jurisdiction indicates that, underlying the court's ruling, is "the assumption that the plaintiff was not required to comply with section 52-190a when he initiated his suit in the District of Rhode Island." Mot. for Recons. at 5. Day Kimball contends that this assumption is misguided because it is contrary to the holding of Blumenkopf, in which the District Court seemingly determined that section 52-190a constitutes substantive law that applies in all diversity claims that arise under Connecticut malpractice law. In light of Blumenkopf, Day Kimball argues, Macamaux was obligated to file the certificate of good faith when he filed his Complaint because, even though he first filed his Complaint in the District of Rhode Island, his claims arose under Connecticut law. See Mot. for Recons. at 4-6.

First, the court notes that Blumenkopf involved a suit brought in federal court in Connecticut under Connecticut law; here, however, Macamaux brought his claims in Rhode Island, and those claims can be construed to have arisen under multiple sources of law. See generally Complaint (Doc. No. 1). Furthermore, because this court's Ruling denying the Motion to Dismiss did not exempt Macamaux from complying with section 52-190a, this court need not be preoccupied with the "discouragement of forum-shopping," whereas the Blumenkopf court was motivated by that concern. See Blumenkopf, 2008 WL 4196974 at *1 n.2.

Second, even if Blumenkopf were to be interpreted as supportive of Day

-5-

Kimball's claim that Macamaux was obligated to file the certificate of good faith at the time he brought this action in Rhode Island, the question then becomes whether Macamaux was permitted by section 52-190a to correct his failure to file the certificate. The <u>Blumenkopf</u> court did not address that issue. <u>Id.</u> at *1 ("The court need not, and does not, decide whether a plaintiff can amend a complaint to add the certificate and opinions required by Connecticut law. That is a question for another day."). Additionally, as noted earlier, although Day Kimball contends that <u>Votre</u> specifically determined that a plaintiff in Macamaux's position could *not* correct a failure to file the certificate of good faith, the court concludes that <u>Votre</u> did not specifically address the question presented by the circumstances of this case.[2] Accordingly, the question that arises even if the court accepts Day Kimball's reading of <u>Blumenkopf</u> remains an open one.

Perhaps most importantly, the court finds Day Kimball's arguments pertaining to <u>Blumenkopf</u> unpersuasive. The court considered every aspect of the <u>Blumenkopf</u> opinion before it issued its September 4, 2009 Ruling. As Day Kimball notes, it did present the argument that section 52-190a constituted substantive law to be applied in diversity cases in its Memorandum in Support of its Motion to Dismiss and in its Reply Memorandum. Mot. for Recons. at 6. The court considered Day Kimball's argument and the <u>Blumenkopf</u> authority that allegedly supports that position. Therefore, the

---

[2] Indeed, the <u>Blumenkopf</u> court's actions suggest the opposite of defendant's argument. Upon receiving an action as to which the court believed Connecticut General Statute section 52-190a applied, it <u>sua sponte</u> raised the issue and gave the plaintiff time to obtain and file an opinion that complied with the statute. Only when plaintiff failed to do so did the <u>Blumenkopf</u> court dismiss the action. See <u>Blumenkopf</u>, 2008 WL 4196974 at *1.

portion of Day Kimball's Motion for Reconsideration that relates to Blumenkopf does not identify a controlling decision that the court "overlooked," and the Motion is therefore denied with respect to this contention. Eisemann v. Greene, 204 F.3d at 395 n.2.

### C. Allegedly Improper Findings Regarding "Good Faith"

Day Kimball further contends that the court overstated the extent to which the District Court of Rhode Island believed Macamaux acted in good faith in bringing his suit. See Mot. for Recons. at 9-10. In its Ruling, this court stated that, the "District Court in Rhode Island found that, while it did not have jurisdiction over Macamaux's claims against Day Kimball, 'that determination does not mean that Macamaux acted in bad faith in bringing suit against the Hospital in Rhode Island.'" Ruling at 7 (citing Rhode Island District Court's Memorandum and Order (Doc. No. 50) at 11). Further, this court quoted the Rhode Island court's statement that, "[a]t worst, it appears that Macamaux improvidently filed in a jurisdiction where the hospital had some, though insufficient, contacts." Id.

Day Kimball does not allege that this court misquoted the Rhode Island court's ruling. Instead, Day Kimball asserts that these statements are "not equivalent to a finding that, as to [Day Kimball], the plaintiff had filed with a good faith belief that the Court could exercise personal jurisdiction over [Day Kimball]." Mot. for Recons. at 10. The court finds this argument unpersuasive. First, this court did not rely on the Rhode Island court's Ruling to support the proposition that Macamaux had acted in "good faith" for purposes of Connecticut General Statute 52-190a. Instead, the court recounted the Rhode Island court's holding in order to offer background as to the specific factual circumstances of this case. See Ruling at 7. Second, even setting aside the fact that

Day Kimball overstates this court's reliance on the Rhode Island court's finding, this court views Day Kimball's argument as entirely semantic. Based upon the totality of the Rhode Island court's ruling, the court concludes that the Rhode Island court believed Macamaux acted in good faith in bringing a suit against Day Kimball in Rhode Island. See Rhode Island District Court's Memorandum and Order (Doc. No. 50) at 11. That the Rhode Island court did not explicitly determine Macamaux acted in good faith is not relevant to the issues currently before this court. This court did not overstate the Rhode Island court's findings, and the Rhode Island court's decision is not a "controlling decision or factual matter" that the court overlooked. Eisemann v. Greene, 204 F.3d at 395 n.2. Therefore, the Motion for Reconsideration is denied with respect to this contention.

        D.      Filing of Certificate Beyond 90-day Statutory Extension

Day Kimball also argues that, even if the court believes Macamaux's failure to file a certificate of good faith when he filed his complaint in Rhode Island does not warrant dismissal, the court nonetheless erred in finding that Macamaux filed the certificate within a reasonable amount of time. See Mot. for Reconsid. at 10-15. Specifically, Day Kimball points to the ninety-day extension to the statute of limitations that section 52-190a(b) provides plaintiffs in order for them to comply with the statute's requirements. See CONN. GEN. STAT. § 52-190a(b) ("Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."). Day Kimball argues that, even if Macamaux is allowed to correct his failure to file a certificate of

good faith, he should not be allowed to correct that failure beyond ninety days after that failure is made in light of the fact that the statute specifically contains this ninety-day extension.

The court first notes that Day Kimball's comparison -- between the ninety-day extension beyond the expiration of the *statute of limitations* that the statute affords plaintiffs, on the one hand, and the amount of time this court should afford Macamaux to file a certificate of good faith upon his case being transferred to the District of Connecticut, on the other -- is a strained one.  As Day Kimball identifies, the ninety-day extension was created due to the "additional burden" of "conduct[ing] a reasonable inquiry" as to the good faith of the plaintiff.  Barrett v. Montesano, 269 Conn. 787, 796 (2004).  In this case, however, the court had to consider not only the "additional burden" of obtaining the certificate of good faith, but also the fact that Macamaux had not retained Connecticut counsel, and the fact that he had to do so only upon the case being transferred to Connecticut upon defendants' Motion to Dismiss for lack of personal jurisdiction.  See Ruling at 11.

As the court concluded in its Ruling, "it was reasonable for Macamaux to file these documents on May 22, 2009, "in light of the fact that the case was transferred on January 28, 2009.  Id.  The court reasoned that the four-month period from January 28, 2009 to April 28, 2009, was a reasonable period for Macamaux to attempt to obtain counsel.  Further, the court concluded that, upon obtaining counsel, 24-days was a reasonable amount of time for counsel to obtain, prepare, and file the good faith certificate.  Id.  Day Kimball suggests that the court should have calculated not from the time that the action actually *was* transferred to the District of Connecticut, but instead

from the time that Macamaux requested such transfer.  Specifically, Day Kimball argues that compliance with section 52-190a should be "at the latest . . . 90 days after the plaintiff had notice that his case *might* be transferred to the District of Connecticut." Mot. for Recons. at 12 (emphasis added).  The court disagrees.  It was not incumbent upon Macamaux to forecast the likelihood of transfer, or prepare for every possible route that this litigation might take.  Thus, the court concludes that Macamaux should be responsible for filing a good faith certificate within a reasonable time not from April 15, 2008 (when counsel noted the alternative possibility of transfer at a Rule 16 conference), nor from August 19, 2008 (when Macamaux formally requested transfer), but instead from January 28, 2009 (when Macamaux's action actually was transferred). Therefore, for the reasons articulated in its Ruling, the court concludes that the May 22, 2009 filing of the good faith certificate and similar health care provider opinion was not untimely.  Moreover, Day Kimball's challenge to the court's finding that Macamaux's filing was done in a timely fashion does not raise "controlling decisions or data that the court overlooked," and the Motion for Reconsideration is therefore denied on this ground.  Shrader v. CSX Transp., Inc., 70 F.3d at 257.

      E.   Accidental Failure of Suit Statute

Day Kimball does correctly assert that the court improperly interpreted Connecticut General Statute section 52-592, the accidental failure of suit statute.  See Mot. for Recons. at 6-9.  As Day Kimball notes, Connecticut courts have determined that the accidental failure of suit statute does not apply to a case that a plaintiff files in a foreign jurisdiction.  See Lippmann v. Rashkoff, 32 Conn. App. 187, 190 (1993); Rollins v. People's Bank Corp., 05-cv-191, 2005 WL 1863171 at *1 (D. Conn. July 25, 2005).

This line of cases does constitute "controlling decisions" that the court overlooked. Shrader v. CSX Transp., Inc., 70 F.3d at 257. Nonetheless, the court's interpretation of the failure of suit statute did not bear on the court's decision to any substantive extent and was instead cited only to illustrate the fact that Macamaux's case could have arrived in Connecticut District Court through other means besides transfer directly from the Rhode Island court. This fact remains unchanged by the accidental failure of suit statute's inapplicability to this case. Excluding the accidental failure of suit statute analysis from its reasoning, the court reaches the same conclusion it did originally.

## IV. CONCLUSION

Day Kimball has not identified any facts or law that the court overlooked in its initial Ruling, any intervening changes in the law, or any other basis upon which the court may grant reconsideration beyond the court's treatment of the Connecticut accidental failure of suit statute. Therefore, the court denies Day Kimball's Motion for Reconsideration, except with regard to the accidental failure of suit statute issue. Because eliminating the court's analysis of the accidental failure of suit statute has no impact on the court's September 4, 2009 Ruling, that Ruling is unaffected by the court's reconsideration, other than by way of eliminating that analysis. Therefore, the Motion for Reconsideration (Doc. No. 81) is granted in part and denied in part.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of March, 2010.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge