UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT MACAMAUX, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:09-cv-164 (JCH) |
| | : | |
| v. | : | |
| | : | |
| DAY KIMBALL HOSPITAL, | : | OCTOBER 6, 2011 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. NO. 183)**

Pursuant to D. Conn. L. Civ. R. 7(c), the defendant, Day Kimball Hospital, has moved the court to reconsider its Ruling granting in part and denying in part Day Kimball's Motion for Summary Judgment. See Ruling Re: Mot. for Summ. J. (Doc. No. 178). More specifically, Day Kimball argues that the court erred in denying summary judgment on the plaintiff's claim for failure to provide an appropriate medical screening examination under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd(a).

There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted). A court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue

already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Thus, the standard governing motions for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters ... that might reasonably be expected to alter the conclusion reached by the court." Id.

    Day Kimball fails to justify reconsideration of the court's Ruling. It does not cite any newly discovered evidence or intervening change in the law governing the plaintiff's EMTALA claim; nor does it point out evidence or case law that the court overlooked in deciding the earlier motion. Instead, Day Kimball argues simply that the court erred in finding a disputed issue of material fact as to whether the plaintiff received an appropriate medical screening examination under EMTALA. See Mot. for Recons. at 2. This is an attempt to re-litigate a matter already decided. See Ruling Re: Mot. For Summ. J. at 5-12 (featuring a lengthy discussion of this issue). Accordingly, the Motion for Reconsideration (Doc. No. 183) is **denied.**

**SO ORDERED.**

    Dated at Bridgeport, Connecticut, this 6th day of October, 2011.

                                          /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge